UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

PAMASA S.A.,

    Plaintiff,

v.

BANCO SANTANDER INTERNATIONAL,

    Defendant.

_____/

## COMPLAINT

Plaintiff Pamasa S.A. ("Pamasa") sues Defendant Banco Santander International ("Santander") and alleges as follows:

### Parties, Jurisdiction, and Venue

1. Pamasa is a *sociedad anonima* (the equivalent of a United States corporation) incorporated in Guatemala, with its principal place of business in Guatemala City, Guatemala. Pamasa is a citizen of Guatemala for diversity purposes.

2. Santander is an Edge Act banking corporation organized in the United States under Section 25A of the Federal Reserve Act, with its principal place of business in Miami, Florida. Santander is a citizen of Florida for diversity purposes.

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties are diverse.

1

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

4.  The Court has personal jurisdiction over Santander because it operates, conducts, engages in, or carries on a business or business venture in Florida and has an office or agency in Florida, and this lawsuit arose out of those acts. Further, Santander agreed to litigate any dispute between the parties in Miami-Dade County, Florida. Santander's due process rights are not offended by this Court's exercising of personal jurisdiction over it.

5.  Venue is proper in this district under 28 U.S.C § 1391(b) because this is the judicial district in which Santander resides and a substantial part of the property that is the subject of the action is situated in this district.

**General Allegations**

6.  At some point in the 1990s, Franciso Mansilla Córdova ("Francisco Sr.") created Pamasa to serve as a holding company for some of his family's assets. The family consisted of Francisco Sr., his wife Consuelo Ortiz de Mansilla, his daughters Barbara and Valerie Mansilla Ortiz, and his son Francisco Mansilla Ortiz ("Francisco Jr.").

7.  Francisco Sr. was the sole owner and administrator of Pamasa.

8.  By 2020, Francisco Sr. was 92 years old. His health and mental capacity were declining. Around that time, Barbara and Valerie discovered that Francisco Jr. had taken advantage of Francisco Sr.'s diminished mental capacity and unlawfully assumed control of Pamasa and other Mansilla family entities, with the intent of absconding with the family assets for himself. Among other things, Francisco Jr. arranged for various board resolutions which purportedly gave him complete control of Pamasa.

9.  Also in 2020, Pamasa opened an account at Santander. The account is subject to an account agreement and corresponding terms and conditions (the "Account Agreement").

10. On April 12, 2021, Valerie brought an action in Guatemala seeking to protect family assets from unlawful disposition, seeking the nullification of the foregoing board resolutions and seeking to remove her father and brother as officers of Pamasa. Upon filing the case, the court in Guatemala issued a temporary injunction prohibiting the disposition of assets, suspending Francisco Sr. and Francisco Jr. as officers of Pamasa and naming Valerie the temporary legal representative of various Mansilla entities, including Pamasa.

11. On or about October 14, 2021, Santander sent a letter to the Mansilla family advising that it had become aware of the family dispute and placed a block on the account.

12. Francisco Sr. passed away on July 10, 2022.

13. On July 18, 2022, the court in Guatemala rendered a final judgment which, among other things, nullified the resolutions, removed Francisco Sr. and Francisco Jr. as officers of Pamasa and gave Barbara temporary control of Pamasa until new officers were named.

14. In December of 2022, Barbara and Valerie were lawfully installed as the legal representatives of Pamasa. Valerie was named President and Barbara was named general manager.

15. The decision in Guatemala, which is final, resolved the dispute related to who has authority to act for Pamasa vis-a-vis the account.

16. Barbara and Valerie notified Santander that they had prevailed in Guatemala and were now the authorized legal representatives of Pamasa. They asked that they be given control of the account and that the account be unfrozen. They provided Santander with the relevant Guatemalan court papers and board resolutions naming them legal representatives of Pamasa.

17. However, as of the date of the filing of this complaint, Santander still refuses to give control of the account to Pamasa and refuses to release the funds in the account, claiming that Franciso Jr. has made conflicting claims to the funds.

18. As of the filing of this action, the account has a balance of millions of dollars.

19. Santander has violated the Account Agreement by refusing to release the funds in the account to Pamasa.

20. All conditions precedent to the filing of this action have occurred or have been waived, satisfied, or excused.

21. Pamasa has retained the undersigned to bring this action and has agreed to pay reasonable attorneys' fees and costs incurred in connection with pursuing this action.

## Count I: Breach of Contract

22. Pamasa re-alleges and incorporates paragraphs 1 through 21.

23. Pamasa and Santander are parties to the Account Agreement.

24. Pursuant to the Account Agreement, Pamasa is entitled to deposit funds at Santander and is entitled to withdraw funds. Santander is obligated to release funds to Pamasa when Pamasa requests the funds.

25. Santander has breached the Account Agreement by refusing to release funds to Pamasa.

26. Pamasa has been damaged by the breach.

WHEREFORE, Pamasa requests judgment in its favor and against Santander for the amount in the account. Alternatively, Pamasa requests specific performance in the form of a judgment requiring Santander to unfreeze the account and release the funds in the account to Pamasa. Pamasa also requests prejudgment interest, post-judgment interest, costs, attorneys' fees, and any other relief the Court deems just and proper.

### **Count II: Declaratory Judgment – 28 U.S.C. § 2201**

27. Pamasa re-alleges and incorporates paragraphs 1 through 21.

28. The Court has jurisdiction over this dispute.

29. Pamasa is an interested party seeking a declaration that it is entitled to full control of the account through its lawful officers.

30. There is a bona fide dispute and actual controversy between the parties as to whether Pamasa is entitled to full control over the account through its lawful officers, as Santander has denied Pamasa such control over the account.

WHEREFORE, Pamasa requests that the Court enter a declaratory judgment in its favor and against Santander finding that it is entitled to full control over the account through its lawfu;l officers. Pamasa also requests costs, attorneys' fees, and any other relief the Court deems just and proper.

5

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

May 21, 2025

        Respectfully submitted:

        Homer Bonner Jacobs Ortiz, P.A.
        Attorneys for Plaintiff Pamasa S.A.
        1200 Four Seasons Tower
        1441 Brickell Avenue
        Miami Florida 33131
        Phone: (305) 350-5100
        Fax: (305) 372-2738

By:   /s/ José A. Ortiz
        José A. Ortiz, Esq.
        Email: jortiz@homerbonner.com
        Florida Bar No. 182321
        Charles Brumby
        Email: cbrumby@homerbonner.com
        Florida Bar No. 0084054
        Anthony M. Diblasi, Esq.
        Email: adiblasi@homerbonner.com
        Florida Bar No.: 117681
        Sabrina M. Serber Esq.
        Email: sserber@homerbonner.com
        Florida Bar No. 1058312